1  PUNEET K. SANDHU (State Bar No. 254726)
2  psandhu@yzllp.com
   LESTER F. APONTE (State Bar No. 143692)
3  laponte@yzllp.com
   YOUNG & ZINN LLP
4  1150 South Olive Street, Suite 1800
5  Los Angeles, California 90015
   Telephone: (213) 362-1860
6  Facsimile:  (213) 362-1861
7
8  Attorneys for Defendant
   BELLEVUE UNIVERSITY
9

10                 UNITED STATES DISTRICT COURT
11
12              ESATERN DISTRICT OF CALIFORNIA
13

| VERONICA CHAVEZ, | Case No.  20-930 |
|---|---|
| Plaintiff, | **NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441 AND 1446 (DIVERSITY JURISDICTION); DECLARATIONS OF LESTER F. APONTE, KENNETH BIRDSONG AND DIANE ARTHUR IN SUPPORT THEREOF** |
| v. | |
| BELLEVUE UNIVERSITY, a Nebraska corporation; and DOES 1 THROUGH 20, inclusive, | |
| Defendants. | |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT AND TO PLAINTIFF VERONICA CHAVEZ AND HER ATTORNEYS OF RECORD FRANK E. MARCHETTI AND MARCHETTI LAW:**

**PLEASE TAKE NOTICE** that Defendant Bellevue University ("Defendant" or the "University") hereby removes the above-entitled action from the Superior Court of the State of California for the County of Kern to the United States District Court for the Eastern District of California, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.  In support of this Notice of Removal, Defendant alleges as follows:

## I.   STATE COURT ACTION

1.      On October 7, 2020, Plaintiff Veronica Chavez ("Plaintiff") filed a complaint against the University in the Superior Court of the State of California, County of Kern, entitled *Veronica Chavez v. Bellevue University, a Nebraska corporation; and Does 1 through 20, inclusive*, which was designated as Case No. BCV-20-102345-DRL (the "Action").  The Complaint alleges causes of action for: (1) Disability Discrimination in Violation of FEHA; (2) Wrongful Termination in Violation of Public Policy; (3) Failure to Engage in a Good Faith Interactive Process in Violation of FEHA; (4) Failure to Pay Overtime Wages; (5) Waiting Time Penalties (Labor Code §203); (6) Failure to Provide Accurate Wage Statements; (7) Violation of Labor Code §558; and (8) Unfair Business Practices.  A true and correct copy of the Complaint is attached as Exhibit A to the Declaration of Lester F. Aponte ("Aponte Decl.")

## II.   TIMELY REMOVAL OF STATE COURT COMPLAINT

2.      On October 19, 2020, Plaintiff served the Complaint, Summons, Civil Cover Sheet, and a Notice of Assignment and Order to Show Cause re CRC 3110 and Case Management Conference on the University.  True and correct copies of the documents received by the University are attached as Exhibits B through D to the Aponte Declaration.

2

NOTICE OF REMOVAL OF ACTION (DIVERSITY JURISDICTION); DECLARATIONS
OF LESTER F. APONTE, KENNETH BIRDSONG AND DIANE ARTHUR

3.      Exhibits A through D to the Aponte Declaration encompass all process, pleadings, and orders served on Defendant in the Action.  In addition to the documents that were served on Defendant, the docket in the Action reflects that Plaintiff filed a Proof of Service, dated October 21, 2019.  Defendant was not served with this document but obtained a copy through the Kern County Superior Court website.  A true and correct copy is attached to the Aponte Declaration as Exhibit E.

4.      Defendant filed an answer in state court on November 16, 2020. A true and correct copy of the answer filed in state court is attached to the Aponte Declaration as Exhibit F.

5.      This Notice of Removal is being filed within thirty (30) days of the date Defendant first ascertained that the Action is removable, *i.e.*, the date service on Defendant became complete, and within one (1) year after the Action was filed. Therefore, it is timely filed pursuant to 28 U.S.C. § 1446(b).

### III.    DIVERSITY JURISDICTION

### A.    CITIZENSHIP

6.      The district courts of the United States have original jurisdiction over the Action under 28 U.S.C. § 1332 based on diversity of citizenship jurisdiction. The Action is properly removable because it is a civil action between citizens of different states in which the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, as set forth below.

7.      Defendant is informed and believes, and thereon alleges, that as of October 7, 2020, when the Complaint was filed, and now, Plaintiff was a citizen and resident of the State of California.  The Complaint states that Plaintiff resides in California.  (Aponte Decl., Ex. A, ¶ 1.)

8.      The University is a private, non-profit university and is, and was at the time the Action was filed, incorporated in the state of Nebraska.  (Aponte Decl., Ex. A, ¶ 2; Declaration of Kenneth Birdsong ("Birdsong Decl.") ¶ 2 and Ex. H).  Its business activities are directed, controlled and coordinated from its executives

1    offices located on campus at 1000 Galvin Road South, Bellevue, Nebraska 68005.

2    (Birdsong Decl. ¶ 3).  For purposes of diversity jurisdiction, the citizenship of a

3    corporation is both the state in which the corporation is incorporated and the state

4    where it has its principal place of business.  See Co-Efficient Energy Systems v.

5    CSL Industries, Inc., 812 F.2d 556, 559-560 (9th Cir. 1987).  Thus, because

6    Defendant was and is incorporated in Nebraska and its principal place of business

7    was and is in Nebraska, Defendant is a citizen of Nebraska.

8         9.    The presence of unidentified Doe defendants in this case has no bearing

9    on diversity with respect to removal.  28 U.S.C. § 1441(a) ("For purposes of

10   removal under this chapter, the citizenship of defendants sued under fictitious names

11   shall be disregarded."); Fristoe v. Reynolds Metals Co., 615 F.2d 1209, 1213 (9th

12   Cir. 1980) (unnamed defendants are not required to join in a removal petition).

13   Accordingly, there is complete diversity of citizenship among all the parties.

14       **B.**    **<u>AMOUNT IN CONTROVERSY</u>**

15        10.    The amount in controversy between the parties exceeds the minimum

16   sum of $75,000, exclusive of interest and costs.  In measuring the amount in

17   controversy for purposes of diversity jurisdiction, "a court must assume that the

18   allegations of the complaint are true and assume that a jury will return a verdict for

19   the plaintiff on all claims made in the complaint." Kenneth Rothschild Trust v.

20   Morgan Stanley Dean Witter, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002). In

21   addition, the Court should aggregate damages in determining whether the

22   controversy exceeds $75,000.  See Bank of Cal. Nat'l Ass'n v. Twin Harbors

23   Lumber Co., 465 F.2d 489, 491 (9th Cir. 1972) ("aggregation is permitted when a

24   single plaintiff seeks to aggregate two or more of her own claims against a single

25   defendant.")

26        11.    Here, Plaintiff's allegations and the prayer for relief in the Complaint

27   confirm that she is seeking in excess of $75,000.  Plaintiff seeks "compensatory,

28   consequential and incidental damages (including past and future lost wages,

1    bonuses, and other losses)" from the date of her separation of employment on July

2    23, 2019, through trial. (Aponte Decl., Ex. A, Prayer for Relief.) Plaintiff's yearly

3    pay from her employment with the University, together with the value of her

4    benefits, amount to approximately $49,834.80 per year. (Declaration of Diane

5    Arthur ¶¶ 3-4 and Ex. I). Thus, her alleged lost compensation to date exceeds

6    $60,000.  Plaintiff further seeks to recover alleged unpaid overtime wages (Ex. A, ¶

7    55), "penalties pursuant to Labor Code § 203 in an amount equal to 30 days, *per*

8    *diem* wage rate" (Ex. A, ¶ 58) ($161.52 x 30 = $4,845.6), penalties for unpaid wages

9    for herself and every other University employee who was allegedly underpaid "up to

10    a maximum of $4,000.00" per employee (Ex. A, ¶¶ 60, 65), and "disgorgement and

11    restitution of unpaid wages." (Aponte Decl., Ex. A, ¶¶ 69-72.)  These amounts, if

12    proven, would push Plaintiff's alleged recovery for lost wages, benefits and

13    penalties in controversy above the $75,000 threshold.[1]

14          12.    Although Defendant denies that it should be liable for any damages

15    whatsoever in this case, for purposes of assessing whether the amount in

16    controversy is satisfied, jury verdicts in discrimination cases in California are

17    instructive.  These verdicts reflect that, were Plaintiff to prevail at trial on her

18    similar causes of action, her damages could exceed the $75,000 threshold. See, e.g.,

19    Siglin v. Carden Whittier School, Inc., 2012 WL 1798892 (L.A. County Sup. Ct.)

20    (award of $323,985 to employee who was terminated after returning from a medical

21    leave of absence); Polk v. Metropolitan Transp. Authority, 2012 WL 864463 (L.A.

22    County Sup. Ct.) (award of $250,000 to former employee where company failed to

23    engage in interactive process); Dickinson v. Allstate Insurance Co., 2011 WL

24

25

26    ───────────────

27    [1] By estimating the amount Plaintiff potentially could recover if she prevails, Defendant does not
concede that Plaintiff will in fact prevail on any of her claims or that, if she prevails, she is entitled
to damages in any particular amount, or at all. Defendant disputes Plaintiff's claims with respect to

28    both liability and damages.

NOTICE OF REMOVAL OF ACTION (DIVERSITY JURISDICTION); DECLARATIONS
OF LESTER F. APONTE, KENNETH BIRDSONG AND DIANE ARTHUR

1   4048838 (Orange County Sup. Ct.) (award of $341,322 to employee in disability

2   discrimination action).

3       13.     In addition to lost compensation, Plaintiff seeks to recover "general

4   damages, including mental pain and anguish and emotional distress." (Aponte Decl.,

5   Ex. A, Prayer for Relief).  Emotional distress damages have value for purposes of

6   determining the amount in controversy. See Kroske v. U.S. Bank Corp., 432 F. 3d

7   976, 980 (9th Cir. 2005) (emotional distress damages of at least $25,000 considered

8   in calculating amount in controversy); Luckett v. Delta Airlines, Inc., 171 F.3d 295,

9   298 (5th Cir. 1999) (jurisdictional amount satisfied based on damage claims for pain

10   and suffering and humiliation).  In fact, Plaintiffs who seek recovery for emotional

11   distress damages in employment litigation frequently have been awarded emotional

12   distress damages in excess of $75,000. See, e.g., Landis v. Pinkertons, Inc., 122 Cal.

13   App. 4th 985, 988 (2004) ($275,000 emotional distress damages awarded in

14   wrongful termination case).

15       14.     Plaintiff also seeks to recover punitive damages. (See Ex. A at ¶¶ 32,

16   41, 47 and Prayer for Relief.) "It is well established that punitive damages are part

17   of the amount in controversy in a civil action." Gibson v. Chrysler Corp., 261 F.3d

18   927, 945 (9th Cir. 2001).

19       15.     Plaintiff seeks to recover attorney's fees as provided per statute. (See

20   Ex. A at ¶¶ 33, 48, 56, 58, 66, 72, and Prayer for Relief.) See Galt G/S v. JSS

21   Scandinavia, 142 F.3d 1150, 1156 (9th Cir. 1998) ("We hold that where an

22   underlying statute authorizes an award of attorneys' fees, either with mandatory or

23   discretionary language, such fees may be included in the amount in controversy");

24   See also Goldberg v. CPC Int'l, Inc., 678 F.2d 1365, 1367 (9th Cir. 1992) (holding

25   plaintiffs' pro rata share of statutory attorneys' fees included in jurisdictional

26   amount). Here, Plaintiff seeks attorneys' fees under various statutes, including the

27   California Fair Employment & Housing Act ("FEHA").

28

1    16.    Thus, based on the nature of Plaintiff's allegations and the anticipated

2    relief she will seek (including past lost employment earnings, emotional distress

3    damages, punitive damages, and attorney's fees), it is apparent that the amount in

4    controversy exceeds $75,000. See White v. FCI USA, Inc., 319 F.3d 672, 674-76

5    (affirming district court determination that it was facially apparent that the

6    jurisdictional amount was satisfied based on a request for compensatory damages,

7    punitive damages, and attorney's fees). Courts have found the amount in

8    controversy requirement satisfied when the plaintiff alleged multiple FEHA claims

9    and sought similar types of damages. See, e.g., Simmons v. PCR Tech., 209 F.

10    Supp. 2d 1029, 1035 (N.D. Cal. 2002) (jurisdictional minimum "clearly satisfied"

11    when plaintiff asserting multiple FEHA claims sought unspecified compensatory,

12    punitive, and emotional distress damages as well as attorneys' fees).

13                    IV.    **NOTICE TO PLAINTIFF AND SUPERIOR COURT**

14    17.    This Notice of Removal has been given to both the adverse party and to

15    the state court pursuant to 28 U.S.C. § 1446(d).  (Exhibit G to the Aponte Decl.)

16                                    V.    **VENUE**

17    18.    Venue is proper in this Court as this is the court for the district and

18    division embracing the place where the action is pending in state court.  See 28

19    §1441(a); 28 U.S.C. § 84(b) (providing that the Eastern District of California

20    includes Kern County).

21    / /

22    / /

23    / /

24    / /

25    / /

26    / /

27    / /

28    / /

NOTICE OF REMOVAL OF ACTION (DIVERSITY JURISDICTION); DECLARATIONS
OF LESTER F. APONTE, KENNETH BIRDSONG AND DIANE ARTHUR

1    WHEREFORE, the University gives notice that the above action, which was

2  pending in the Superior Court of the State of California, County of Kern, is removed

3  to this Court.

4

5  DATED:  November 18, 2020          YOUNG & ZINN LLP

6                                                    By: _____

7                                                          LESTER F. APONTE

8                                                          Attorneys for Defendant
                                                           BELLEVUE UNIVERSITY
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## <u>DECLARATION OF LESTER F. APONTE</u>

I, LESTER F. APONTE, declare as follows:

1.       I am Senior Counsel at the law firm of Young & Zinn LLP and am one of the attorneys representing Defendant Bellevue University (the "University") in the above-captioned action filed by Plaintiff Veronica Chavez ("Plaintiff").  I have personal knowledge of the facts set forth in this Declaration, and if called to testify under oath, could and would testify competently thereto.

2.       On October 7, 2020, Plaintiff  Veronica Chavez ("Plaintiff") filed a complaint against the University in the Superior Court of the State of California, County of Kern, entitled *Veronica Chavez, Plaintiff, v. Bellevue University, a Nebraska corporation; and Does 1 through 20, inclusive* which was designated as Case No. BCV-20-102345-DRL (the "Action").  A true and correct copy of the Complaint is attached hereto as Exhibit A.

3.       Plaintiff served the Complaint, along with the Summons, Civil Cover and a Notice of Assignment and OSC re CRC 3110 and CMC on the University on October 19, 2020.  True and correct copy of the documents received by the University are attached hereto as Exhibits B through D.

4.       In addition to the documents that were served on Defendant, the docket in the Action reflects that Plaintiff filed a Proof of Service, dated October 21, 2019. Defendant was not served with this document but obtained a copy through the Kern County Superior Court website and a true and correct copy is attached as Exhibit E.

5.       Defendant filed an Answer in state court on November 16, 2020. A true and correct copy of the Answer filed in state court is attached hereto as Exhibit F.

6.       A true and correct copy of Defendant's Notice to Superior Court and to Adverse Party of Removal of Action to Federal Court, is attached hereto as Exhibit G.

NOTICE OF REMOVAL OF ACTION (DIVERSITY JURISDICTION); DECLARATIONS
OF LESTER F. APONTE, KENNETH BIRDSONG AND DIANE ARTHUR

1     7.    Exhibits A – G attached hereto, constitute all process, pleadings and

2   orders served on, or by, Defendant in the Action.

3

4     I declare under penalty of perjury under the laws of the United States of

5   America that the foregoing is true and correct.

6

7     Executed this 18th day of November, 2020, at Los Angeles, California.

8

9

10                                          LESTER F. APONTE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF REMOVAL OF ACTION (DIVERSITY JURISDICTION); DECLARATIONS
OF LESTER F. APONTE, KENNETH BIRDSONG AND DIANE ARTHUR

EXHIBIT A

1   Frank E. Marchetti (SBN 203185)
    **MARCHETTI LAW**
2   3731 Wilshire Blvd., Ste. 635
    Los Angeles, CA 90010
3   Tel.:   (626) 676-6377
    Fax:    (626) 628-3208
4   Email: frank@marchettilaw.com

5   Attorney for Plaintiff VERONICA CHAVEZ

**ELECTRONICALLY FILED**
**10/7/2020 8:00 AM**
**Kern County Superior Court**
**By Sophia Munoz Alvarez, Deputy**

6

7                 **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

8                         **FOR THE COUNTY OF KERN**

9

| 10 | VERONICA CHAVEZ, | ) CASE NO.:BCV-20-102345 |
|---|---|---|
| 11 | Plaintiff, | ) |
| 12 | vs. | ) |
| 13 | | ) **COMPLAINT FOR:** |
| 14 | BELLEVUE UNIVERSITY, a Nebraska corporation; and DOES 1 THROUGH 20, inclusive, | ) 1.   DISABILITY DISCRIMINATION IN VIOLATION OF FEHA |
| 15 | | ) 2.   WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY |
| 16 | Defendants. | ) 3.   FAILURE TO ENGAGE IN A GOOD FAITH INTERACTIVE PROCESS IN VIOLATION OF FEHA |
| 17 | | ) 4.   FAILURE TO PAY OVERTIME WAGES |
| 18 | | ) 5.   WAITING TIME PENALTIES (LABOR CODE §203) |
| 19 | | ) 6.   FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS |
| 20 | | ) 7.   VIOLATION OF LABOR CODE §558 |
| 21 | | ) 8.   UNFAIR BUSINESS PRACTICES |
| 22 | | ) DEMAND BY PLAINTIFF FOR TRIAL BY JURY |

23              **ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

24          **COMES NOW** plaintiff VERONICA CHAVEZ, (hereinafter referred to as "PLAINTIFF" or

25   "CHAVEZ"), as and for causes of action against the defendants and each of them, alleges as follows:

26          1.      CHAVEZ was, at all times mentioned herein, an individual residing in the County of

27   Kern, State of California.

28

---

**COMPLAINT FOR DAMAGES**
1

2.  Defendant BELLEVUE UNIVERSITY (hereinafter referred to as "BELLEVUE") is and was, at all times mentioned herein, a corporation formed under the laws of the State of Nebraska and operating in the County of Kern, in the State of California.

3.  The true names and capacities of the defendants sued herein as DOES 1 - 20 are presently unknown to plaintiff, and therefore said defendants are sued in their fictitious capacity. Each of the defendants sued herein as a DOE defendant is responsible in some way for the damages alleged herein, and when the true identities are ascertained and the facts which evidence these responsibilities are discovered, plaintiff shall amend this complaint to set forth those identities and facts.

4.  PLAINTIFF is informed and believes and based thereon alleges that each Defendant, including DOES 1 - 20, was and is the agent, employee, servant, subsidiary, partner, member, associate, or representative of each other Defendant, and all of the things alleged to have been done by the Defendants, and each of them, were done in the course and scope of the agency, employment, service, or representative relationship and with the knowledge and consent of their respective principles, employers, masters, parent corporations, partners, members, associates, or representatives.

5.  Hereinafter, all of the defendants named herein shall be collectively referred to as "Defendants".

6.  Plaintiff is informed and believes and based thereon alleges that at all times mentioned herein, each of the defendants initially named herein were the agents, principals, partners, associates, joint venturers, employees, contractors, independent contractors and/or co-conspirators of each other co-defendant; that the defendants were at various relevant times acting within the course, purpose and scope of said agency, partnership, association, joint venture, employment, contractor/client relationship, independent contractor/client relationship and/or conspiracy and that the defendants, and each of them, were acting with the authorization, permission and/or consent of the other co-defendants.

7.  Plaintiff is further informed and believe and on that ground allege that, at all times

**COMPLAINT FOR DAMAGES**
2

relevant herein, each of the Defendants named herein was the agent, servant, employee, subsidiary, affiliate, partner, assignee, successor-in-interest, alter ego, co-conspirator, ostensible agents, contractor, independent contractor and/or was otherwise acting at the request of or on behalf of the other defendants, and was acting in such capacity in engaging in the acts and omissions described herein.

8.   The unlawful employment practices complained of herein occurred within the County of Kern in the State of California.

9.   PLAINTIFF is informed and believes and thereon alleges that BELLEVUE and DOES 1-20 were PLAINTIFF's employers within the meaning of California's Fair Employment & Housing Act.

10.  PLAINTIFF was hired by BELLEVUE on or around October of 2016 with the title Relationship Manager. Her position entailed talking about and promoting BELLEVUE at Cerro Coso Community College and its satellite campuses.

11.  Although PLAINTIFF's title included the term "Manager", she in fact did not supervise or manage employees on any regular basis.  At all times during her employment, PLAINTIFF was a non-exempt employee, entitled to overtime pay under California Labor Laws. PLAINTIFF often worked over 8 hours per day, and/or 40 hours per week, but was never paid time-and-a-half premium wages for her overtime hours.

12.  During her employment with BELLEVUE, CHAVEZ proved herself to be a hard working and loyal employee.

13.  CHAVEZ suffered injuries to her shoulder and ankle on or around December 1, 2017. CHAVEZ tried to work following her December 1, 2017 injury, but she suffered a lot of pain while attempting to complete the physical aspects of her job duties and her condition was not improving.  CHAVEZ's doctors placed her on work restrictions and she was deemed temporarily totally disabled and unable to work.   CHAVEZ accordingly was placed on a medical leave.

14.  In or around January of 2019, CHAVEZ's doctors changed her status from temporarily totally disabled to able to work with work restrictions. CHAVEZ notified BELLEVUE

of the change in her status. BELLEVUE took the position that they could not accommodate CHAVEZ's work restrictions and she remained on medical leave.

15. In or around June of 2019, CHAVEZ's work restrictions remained the same, but BELLEVUE instructed CHAVEZ to return to work on June 18, 2019, indicating that CHAVEZ's work restrictions would now be accommodated. No explanation has ever been provided as to why her restrictions, unchanged from January of 2019, could not have been accommodated earlier. BELLEVUE indicated that they would be accommodating CHAVEZ's restrictions by revising her duties, providing her a stand-up / sit-down desk and a new ergonomic chair, among other things.

16. On or around June 18, 2019, CHAVEZ returned to work to discover that the equipment promised to assist in accommodating her limitations were still not available.

17. Prior to returning to work, CHAVEZ advised BELLEVUE that she had been advised to undergo acupuncture and her first appointment was scheduled with a specialist in Northern California on June 19, 2019. Further acupuncture appointments were scheduled, each of which required a full day off from work because of the distance CHAVEZ had to travel, and each day off to attend these appointments was supposedly approved by CHAVEZ's supervisor.

18. Nonetheless, BELLEVUE retaliated against CHAVEZ for missing work due to these medical treatments by warning her that if she continued to miss work she could be subject to disciplinary action up to and including termination.

19. On July 1, 2019, CHAVEZ logged into ADP to view her paycheck. She observed that the system reflected her employment status as terminated effective July 7, 2019, and all of her vacation hours were missing. CHAVEZ was alarmed, but decided to wait it out to see what BELLEVUE did and said.

20. On July 4 and 5, 2019, earthquakes closed CHAVEZ's workplace. CHAVEZ did not have her laptop and could not get it from the office. CHAVEZ informed BELLEVUE that she could still work from home and on performing community outreach activities, but she was told that since she did not have her laptop she would have to either use her

1   vacation leave or go unpaid.  CHAVEZ is informed and believes that other employees
2   in similar situations have been treated differently by BELLEVUE and allowed to
3   continue to work from home.

4   21.   On or around July 17, 2019, CHAVEZ was able to retrieve her laptop from the office,
5   but she was told that even though she now had her laptop she was still not allowed to
6   work from home and she should still use vacation time if she wanted to be paid.

7   22.   On or around July 23, 2019, CHAVEZ was informed that BELLEVUE was terminating
8   her employment.

9   23.   CHAVEZ is informed and believes that Defendants terminated her employment due to
10   her actual and/or perceived disability.

11   24.   On or around October 25, 2019, the Department of Fair Employment and Housing issued
12   a Right to Sue notice for CHAVEZ to bring the claims in this action.

13                           **FIRST CAUSE OF ACTION**

14          **DISABILITY DISCRIMINATION IN VIOLATION OF THE FEHA**

15   25.   Plaintiff realleges and incorporates paragraphs 1 through 24 of this Complaint as though
16   fully set forth herein.

17   26.   Plaintiff was disabled, had a history of disability, and/or was perceived by BELLEVUE
18   as having a disability that prevented her from performing the functions of her
19   employment without reasonable accommodation.

20   27.   Plaintiff was qualified for her position and was able to perform its essential functions,
21   with or without reasonable accommodation.

22   28.   Defendants refused to consider reasonable accommodations and failed to make any
23   legitimate attempt to accommodate her perceived disability.

24   29.   Defendants terminated Plaintiff's employment because of Plaintiff's actual and/or
25   perceived disability.

26   30.   As a direct, foreseeable and proximate result of the wrongful acts of Defendants, and
27   each of them, Plaintiff has suffered, and will continue to suffer losses in earnings, and
28   other employment benefits along with other incidental and consequential damages and

1  losses, all in an amount to be proven at trial. Plaintiff claims such an amount as damages
2  together with prejudgment interest.

3  31.  As further direct, foreseeable and proximate result of said wrongful acts by Defendants,
4  and each of them, Plaintiff has suffered, and will continue to suffer stress, distress,
5  humiliation, shame, despair, embarrassment, depression, and mental pain and anguish,
6  all to Plaintiff's damages in an amount according to proof.

7  32.  The conduct of Defendants, their agents and employees, as described herein, was
8  oppressive, malicious, and done in conscious disregard of Plaintiff's rights. As a result,
9  Plaintiff is entitled to an award of punitive damages against all Defendants in an amount
10  necessary to punish and make an example of Defendants, and in an amount according to
11  proof.

12  33.  Defendants' conduct constituted a violation of the California Fair Employment and
13  Housing Act, and as a result, Plaintiff is entitled to recover her attorney's fees.

14  **SECOND CAUSE OF ACTION**

15  **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**

16  34.  Plaintiff realleges and incorporates paragraphs 1 through 24 of this Complaint as though
17  fully set forth herein.

18  35.  Plaintiff was disabled, had a history of disability, and/or was perceived by BELLEVUE
19  as having a disability that prevented her from performing the functions of her
20  employment without reasonable accommodation.

21  36.  Plaintiff was qualified for her position and was able to perform its essential functions,
22  with or without reasonable accommodation.

23  37.  Defendants refused to consider reasonable accommodations and failed to make any
24  legitimate attempt to accommodate her perceived disability.

25  38.  Defendants terminating Plaintiff's employment because of Plaintiff's actual and/or
26  perceived disability.

27  39.  Defendants' conduct and termination of Plaintiff's employment violated public policy,
28  Federal Law (ADA) and California law (FEHA).

40.   As a direct, foreseeable and proximate result of the wrongful termination of Plaintiff's employment, Plaintiff has suffered and will continue to suffer lost compensation, lost future earnings, severe emotional distress, humiliation and mental anguish, resulting in general and special damages, all in the amount to be determined at trial.

41.   The conduct of Defendants as described herein was oppressive, malicious, and done in conscious disregard of Plaintiff's rights.  As a result, Plaintiff is entitled to an award of punitive damages against Defendants in an amount to punish and make an example of Defendants and in an amount according to proof.

## THIRD CAUSE OF ACTION

## FAILURE TO ENGAGE IN GOOD FAITH INTERACTIVE PROCESS

## IN VIOLATION OF FEHA

42.   Plaintiff realleges and incorporates paragraphs 1 through 24 of this Complaint as though fully set forth herein.

43.   Under California's Fair Employment and Housing Act, Defendants had an obligation to engage in good faith in an interactive process with Plaintiff to determine whether her disability and/or perceived disability could be reasonably accommodated.

44.   Defendants failed to engage in an interactive process with Plaintiff in good faith, and instead terminated her employment without good cause.

45.   Defendants' conduct and failure to engage in the interactive process with Plaintiff in good faith violated California's Fair Employment and Housing Act.

46.   As a direct, foreseeable and proximate result of the wrongful conduct of Defendants, Plaintiff has suffered and will continue to suffer lost compensation, lost future earnings, severe emotional distress, humiliation and mental anguish, resulting in general and special damages, all in the amount to be determined at trial.

47.   The conduct of Defendants as described herein was oppressive, malicious, and done in conscious disregard of Plaintiff's rights.  As a result, Plaintiff is entitled to an award of punitive damages against Defendants in an amount to punish and make an example of Defendants and in an amount according to proof.

48. Defendants' conduct constituted a violation of California's Fair Employment and Housing Act, and as a result, PLAINTIFF is entitled to recover her attorney's fees.

**FOURTH CAUSE OF ACTION**

**FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF LABOR CODE §1194**

49. Plaintiff realleges and incorporates paragraphs 1 through 24 of this Complaint as though fully set forth herein.

50. BELLEVUE initially designated PLAINTIFF to be an exempt, salaried employee. BELLEVUE changed PLAINTIFF to a non-exempt, hourly employee in or around November of 2016. BELLEVUE then changed PLAINTIFF back to an exempt, salaried employee in or around February of 2017, and this remained her status until the termination of her employment.

51. PLAINTIFF's duties and responsibilities remained fairly consistent and unchanging during the entire course of her employment, and PLAINTIFF should have been treated as a non-exempt employee during the entire course of her employment.

52. On many days during her employment by BELLEVUE, PLAINTIFF worked more than 8 hours in a single day and more than 40 hours in a single week.

53. Pursuant to the provisions of Labor Code §§ 200 and 510 and the applicable Industrial Welfare Commission Order, DEFENDANTS, and each of them, were required to compensate each and every one of its employees one and one-half times their respective hourly rate of pay for hours worked in excess of 8 hours per day and/or 40 hours per week, and for the first 8 hours on the seventh consecutive day of any work week, and two times their respective hourly rate of pay for hours worked in excess of 12 hours in any single workday and/or in excess of 8 hours on the seventh consecutive day of any work week.

54. PLAINTIFF alleges that DEFENDANTS, and each of them, violated the Labor Code and Industrial Welfare Commission Order by failing to pay PLAINTIFF at overtime rates and by refusing to pay for overtime hours worked.

55. Pursuant to the provisions of Labor Code § 1194(a), PLAINTIFF is entitled to the

1   recovery of overtime compensation totaling in such amount as is proven at the time of
2   trial.

56.   PLAINTIFF further seeks recovery of all penalties, interest and other damages as proven
      at the time of trial. PLAINTIFF  also seeks the recovery of attorneys' fees pursuant to
      statute.

## FIFTH CAUSE OF ACTION

### WAITING TIME PENALTIES IN VIOLATION OF LABOR CODE §203

57.   Plaintiff realleges and incorporates paragraphs 1 through 24 and 49 to 54 of this
      Complaint as though fully set forth herein..

58.   PLAINTIFF is informed and believes and thereon alleges that at all relevant times
      pursuant to the provisions of the Labor Code and applicable Industrial Welfare
      Commission Order, DEFENDANTS and each of them willfully failed to pay PLAINTIFF
      proper overtime wages, and failed to pay said employees their wages due upon
      termination of their employment.  By failing to timely pay said wages, DEFENDANTS
      and each of them are liable to PLAINTIFF for penalties pursuant to Labor Code § 203
      in an amount equal to 30 days, per diem wage rate, in an amount to be determined at the
      time of trial, including interest thereon together with reasonable attorneys' fees and costs
      of suit.

## SIXTH CAUSE OF ACTION

### FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS IN VIOLATION OF LABOR CODE §226

59.   Plaintiff realleges and incorporates paragraphs 1 through 24 and 49 to 54 of this
      Complaint as though fully set forth herein..

60.   PLAINTIFF is informed and believes and thereon alleges that at all relevant times,
      pursuant to the provisions of Labor Code  § 226 and Industrial Welfare Commission
      Order No. 5-2001, DEFENDANTS and each of them were required to provide each
      employee with an accounting with each wage payment containing information that
      includes, but is not limited to, the number of hours worked, the rates of pay for said

hours, and tax withholdings. PLAINTIFF alleges that DEFENDANTS and each of them willfully failed to provide their employees with the requisite accounting as required by the Labor Code and Industrial Welfare Commission Order. By failing to provide said accounting, DEFENDANTS and each of them are liable to PLAINTIFF for penalties of $50 for the initial pay period in which the violation occurred and $100 for each subsequent pay period, all in the amount to be determined at the time of trial, of up to a maximum of $4,000.00 per Plaintiff.

## SEVENTH CAUSE OF ACTION

## PENALTIES FOR VIOLATION OF LABOR CODE §558

61. Plaintiff realleges and incorporates paragraphs 1 through 24 and 49 to 54 of this Complaint as though fully set forth herein..

62. PLAINTIFF is informed and believes and thereon alleges that at all relevant times, DEFENDANTS and each of them engaged in multiple violations of the Labor Code and applicable Industrial Welfare Commission Order, including but not limited to willfully failing to pay non-exempt employees overtime wages, failing to provide employees with proper accountings of their wages, failing to provide statutory mandated notices to employees of their rights.

63. Based on DEFENDANTS' conduct as alleged herein, DEFENDANTS are liable for civil penalties pursuant to California Labor Code § 558, Industrial Welfare Commission Order and other applicable provisions of the Employment Laws and Regulations.

64. Labor Code 558 states:

"Any employer or other person acting on behalf of an employer who violates or causes to be violated, a section of this chapter or any provision regulating hours and days of work in any order of the Industrial Welfare Commission shall be subject to a civil penalty."

65. As a consequence of DEFENDANTS, PLAINTIFF is thus entitled to the following:

(1) For any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee were underpaid in addition to an amount sufficient to

1    recover underpaid wages.

2    (2) For each subsequent violation, one hundred dollars ($100) for each underpaid

3    employee for each pay period for which the employee were underpaid in addition to an

4    amount sufficient to recover unpaid wages.

5  66.    PLAINTIFF is entitled to recovery of such additional statutory penalties from

6    DEFENDANTS, all in an amount to be determined at the time of trial, including interest

7    thereon together with reasonable attorneys' fees and costs of suit.

8            **EIGHTH CAUSE OF ACTION**

9 **UNLAWFUL BUSINESS PRACTICES IN VIOLATION OF B&P CODE §17200, et seq.**

10  67.    Plaintiff realleges and incorporates paragraphs 1 through 24 and 49 to 54 of this

11    Complaint as though fully set forth herein..

12  68.    PLAINTIFF is informed and believes and therefore alleges that DEFENDANTS engaged

13    in numerous unlawful and deceptive activities in violation of the most basic of labor

14    standards, which unlawful conduct afforded DEFENDANTS and each of them the ability

15    to unfairly compete against other businesses that did comply with the law. PLAINTIFF

16    alleges that the unlawful activities include but are not limited to failing to pay non-

17    exempt employees at the rate of no less than one and one-half times their regular rate of

18    pay for any and all hours worked in excess of eight (8) hours per day and any hours

19    worked in excess of forty (40) hours a week. PLAINTIFF also alleges, DEFENDANTS

20    engaged in additional violations as set forth in further detail herein.

21  69.    PLAINTIFF is informed and believes and thereon alleges that DEFENDANTS

22    intentionally, willfully and improperly failed to pay non-exempt employees their wages

23    for overtime hours worked.  PLAINTIFF alleges that, during the course of her

24    employment, he was required to work, and did work, over eight (8) hours per day and/or

25    over forty (40) hours a week, doing non- exempt work for which he did not receive

26    proper overtime compensation.

27  70.    PLAINTIFF further alleges that DEFENDANTS and each of them also engaged in

28    additional multiple Labor Code violations, including but not limited to, failing to

1  properly maintain accurate records of hours and wages, failing to provide employees with
2  an accounting of their wages, when wages were paid, failing to provide employees with
3  proper notice of their rights.

4  71.  PLAINTIFF estimates as a result of DEFENDANTS' unlawful business practices,
5  DEFENDANTS have unlawfully withheld wages from PLAINTIFF and owe penalties
6  as proven at the time of trial. PLAINTIFF further alleges that DEFENDANTS are liable
7  for additional civil penalties for each of the above violations, as well as additional
8  violations set forth herein, according to proof.

9  72.  PLAINTIFF requests disgorgement and restitution of unpaid wages (including unpaid
10  overtime compensation) according to proof, interest, attorneys' fees, and costs pursuant
11  to statute.

12  73.  In addition, PLAINTIFF also seeks restitution and/or disgorgement of all revenues and
13  profits which DEFENDANTS obtained by way of their conduct in violation of Business
14  and Provisions Code § 17200.

15
16  **PRAYER FOR RELIEF**

17  **WHEREFORE,** PLAINTIFF prays for judgment against DEFENDANTS as follows:

18  a.  For compensatory, consequential and incidental damages (including past and
19  future lost wages, bonuses, and other losses) in an amount to be proven at trial
20  [Civil Code §3333];
21  b.  For general damages, including mental pain and anguish and emotional distress
22  in an amount to be proven at trial;
23  c.  For special damages, according to proof;
24  d.  For interest;
25  e.  For attorney fees;
26  f.  For punitive damages in an amount to be determined at trial to be sufficient to
27  punish and make an example of defendants;
28  g.  For the costs of suit herein incurred;

1    h.    For such other and further relief as this Court may deem proper.

2

3  Dated: October 7, 2020                MARCHETTI LAW

4

5                                        _____
                                         Frank E. Marchetti
6                                        Attorneys for Plaintiff VERONICA CHAVEZ

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                     GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                                          KEVIN KISH, DIRECTOR
2218 Kausen Drive, Suite 100 | Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

October 25, 2019

Veronica Chavez
, California

RE:   **Notice to Complainant**
      DFEH Matter Number: 201910-08039524
      Right to Sue: Chavez / Bellevue University

Dear Veronica Chavez:

Attached is a copy of your complaint of discrimination filed with the Department of Fair
Employment and Housing (DFEH) pursuant to the California Fair Employment and
Housing Act, Government Code section 12900 et seq. Also attached is a copy of your
Notice of Case Closure and Right to Sue.

**Pursuant to Government Code section 12962, DFEH will not serve these
documents on the employer.** You must serve the complaint separately, to all named
respondents.  If you do not have an attorney, you must serve the complaint yourself.
Please refer to the attached Notice of Case Closure and Right to Sue for information
regarding filing a private lawsuit in the State of California. A courtesy "Notice of Filing of
Discrimination Complaint" is attached for your convenience.

Be advised that the DFEH does not review or edit the complaint form to ensure that it
meets procedural or statutory requirements.

Sincerely,


Department of Fair Employment and Housing


EXHIBIT A
Exhibit A, page 24



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**

KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

October 25, 2019

RE: **Notice of Filing of Discrimination Complaint**
     DFEH Matter Number: 201910-08039524
     Right to Sue: Chavez / Bellevue University

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the
Department of Fair Employment and Housing (DFEH) in accordance with Government
Code section 12960. This constitutes service of the complaint pursuant to Government
Code section 12962. The complainant has requested an authorization to file a lawsuit.
This case is not being investigated by DFEH and is being closed immediately. A copy of
the Notice of Case Closure and Right to Sue is enclosed for your records.

Please refer to the attached complaint for a list of all respondent(s) and their contact
information.

No response to DFEH is requested or required.

Sincerely,


Department of Fair Employment and Housing

EXHIBIT A
Exhibit A, page 25



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                    KEVIN KISH, DIRECTOR
2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) I California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

October 25, 2019

Veronica Chavez
, California

RE:   **Notice of Case Closure and Right to Sue**
      DFEH Matter Number: 201910-08039524
      Right to Sue: Chavez / Bellevue University

Dear Veronica Chavez,

This letter informs you that the above-referenced complaint was filed with the
Department of Fair Employment and Housing (DFEH) has been closed effective
October 25, 2019 because an immediate Right to Sue notice was requested. DFEH will
take no further action on the complaint.

This letter is also your Right to Sue notice. According to Government Code section
12965, subdivision (b), a civil action may be brought under the provisions of the Fair
Employment and Housing Act against the person, employer, labor organization or
employment agency named in the above-referenced complaint. The civil action must be
filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment
Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this
DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act,
whichever is earlier.

Sincerely,


Department of Fair Employment and Housing


EXHIBIT A
Exhibit A, page 26

**COMPLAINT OF EMPLOYMENT DISCRIMINATION
BEFORE THE STATE OF CALIFORNIA
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
Under the California Fair Employment and Housing Act
(Gov. Code, § 12900 et seq.)**

**In the Matter of the Complaint of**
Veronica Chavez                                          DFEH No. 201910-08039524

Complainant,

vs.

Bellevue University
1000 Galvin Road South
Bellevue, Nebraska 68005

Respondents
_____

1. Respondent **Bellevue University** is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

2. Complainant **Veronica Chavez**, resides in the City of  State of **California.**

3. Complainant alleges that on or about **July 23, 2019**, respondent took the following adverse actions:

**Complainant was harassed** because of complainant's disability (physical or mental).

**Complainant was discriminated against** because of complainant's disability (physical or mental) and as a result of the discrimination was terminated, denied any employment benefit or privilege, denied reasonable accommodation for a disability, denied family care or medical leave (cfra) (employers of 50 or more people), denied work opportunities or assignments.

**Complainant experienced retaliation** because complainant requested or used a disability-related accommodation and as a result was terminated, denied any employment benefit or privilege, denied reasonable accommodation for a disability, denied family care or medical leave (cfra) (employers of 50 or more people), denied or forced to transfer.

Date Filed: October 25, 2019

**EXHIBIT A**
Exhibit A, page 27

**Additional Complaint Details:** Veronica Chavez was hired by Bellevue University in October of 2016. On December 1, 2018, Chavez was injured and disabled in a motor vehicle accident. Chavez thereafter requested reasonable accommodations to allow her to continue her employment and to allow her to receive the medical care and treatment that she needed to recover from her injuries. Bellevue University failed to engage in an interactive process with Chavez in good faith, harassed and discriminated against her due to her disability, and ultimately terminated her employment because of her actual and/or perceived disability.

-2-
*Complaint – DFEH No. 201910-08039524*

Date Filed: October 25, 2019

1  VERIFICATION

2  I, **Frank Marchetti,** am the **Attorney** in the above-entitled complaint.  I have read the
3  foregoing complaint and know the contents thereof.  The matters alleged are based
   on information and belief, which I believe to be true.

4
   On October 25, 2019, I declare under penalty of perjury under the laws of the State of
5  California that the foregoing is true and correct.

6                                                                    **Los Angeles, CA**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26
                                          -3-
27                          *Complaint – DFEH No. 201910-08039524*

28  Date Filed: October 25, 2019

EXHIBIT B

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

| | FOR COURT USE ONLY<br>(SOLO PARA USO DE LA CORTE) |
|---|---|
| | **ELECTRONICALLY FILED**<br><br>10/8/2020<br><br>**Kern County Superior Court**<br>**By Sophia Munoz Alvarez, Deputy** |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

BELLEVUE UNIVERSITY, a Nebraska corporation; and DOES 1
THROUGH 20, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

VERONICA CHAVEZ

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Metropolitan Division | CASE NUMBER:<br>*(Número del Caso):* **BCV-20-102345** |
|---|---|

1415 Truxton Ave., Bakersfield, CA 93301

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Frank E. Marchetti, 3671 Wilshire Blvd., Ste. 635, Los Angeles, CA 90010   Tel. (626) 676-6377

| DATE:<br>*(Fecha)* 10/8/2020 | TAMARAH HARBER-PICKENS | Clerk, by<br>*(Secretario)* | , Deputy<br>*(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**[SEAL]**

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Bellevue University, a Nebraska Corporation

   under: ☒ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |
|---|---|---|

Exhibit B, page 30

EXHIBIT C

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*<br>Frank E. Marchetti (SBN 203185)<br>Marchetti Law<br>3731 Wilshire Blvd., Ste. 635<br>Los Angeles, CA 90010<br>TELEPHONE NO. (626) 676-6377    FAX NO. (626) 628-3208<br>ATTORNEY FOR *(Name)* Plaintiff VERONICA CHAVEZ | FOR COURT USE ONLY<br><br>**ELECTRONICALLY FILED**<br>**10/7/2020 8:00 AM**<br>**Kern County Superior Court**<br>By Sophia Munoz Alvarez, Deputy |
|---|---|

SUPERIOR COURT OF CALIFORNIA, COUNTY OF   KERN
STREET ADDRESS 1415 Truxton Ave.
MAILING ADDRESS
CITY AND ZIP CODE Bakersfield, CA 93301
BRANCH NAME Metropolitan Division

CASE NAME:
Chavez v. Bellevue University, et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER<br>BCV-20-102345 |
|---|---|---|---|---|
| ☑ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter    ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☑ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation**
**(Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is  ☑ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties      d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel   e. ☐ Coordination with related actions pending in one or more courts
        issues that will be time-consuming to resolve            in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence         f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a.☑ monetary   b.☐ nonmonetary; declaratory or injunctive relief   c. ☑ punitive
4. Number of causes of action *(specify):* 8
5. This case ☐ is  ☑ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: October 7, 2020
Frank E. Marchetti
_____
(TYPE OR PRINT NAME)                                                  (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |
|---|---|---|

Exhibit C, page 31

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
   Asbestos Property Damage
   Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
   Medical Malpractice– Physicians & Surgeons
   Other Professional Health Care Malpractice
Other PI/PD/WD (23)
   Premises Liability (e.g., slip and fall)
   Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
   Intentional Infliction of Emotional Distress
   Negligent Infliction of Emotional Distress
   Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
   Legal Malpractice
   Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
   Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
   Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
   Negligent Breach of Contract/ Warranty
   Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
   Collection Case–Seller Plaintiff
   Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
   Auto Subrogation
   Other Coverage
Other Contract (37)
   Contractual Fraud
   Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
   Writ of Possession of Real Property
   Mortgage Foreclosure
   Quiet Title
   Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
   Writ–Administrative Mandamus
   Writ–Mandamus on Limited Court Case Matter
   Writ–Other Limited Court Case Review
Other Judicial Review (39)
   Review of Health Officer Order
   Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
   Abstract of Judgment (Out of County)
   Confession of Judgment *(non-domestic relations)*
   Sister State Judgment
   Administrative Agency Award *(not unpaid taxes)*
   Petition/Certification of Entry of Judgment on Unpaid Taxes
   Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
   Declaratory Relief Only
   Injunctive Relief Only *(non-harassment)*
   Mechanics Lien
   Other Commercial Complaint Case *(non-tort/non-complex)*
   Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
   Civil Harassment
   Workplace Violence
   Elder/Dependent Adult Abuse
   Election Contest
   Petition for Name Change
   Petition for Relief From Late Claim
   Other Civil Petition

Exhibit C, page 32

EXHIBIT D



**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF KERN**
**BAKERSFIELD COURT**
1415 TRUXTUN AVENUE
BAKERSFIELD CA 93301

FOR COURT USE ONLY

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF KERN

OCTOBER 08, 2020
BY *Sophia Munoz Alvarez* DEPUTY

**PLAINTIFF/PETITIONER:**
  **VERONICA  CHAVEZ**
**DEFENDANT/RESPONDENT:**
  **BELLEVUE UNIVERSITY, A NEBRASKA CORPORATION**

**NOTICE OF ASSIGNMENT TO JUDGE FOR ALL PURPOSES AND NOTICE OF ORDER TO SHOW CAUSE RE CRC RULE 3.110 AND NOTICE OF CASE MANAGEMENT CONFERENCE**

CASE NUMBER:

BCV-20-102345

By order of the presiding judge, the above entitled case is assigned to the Honorable David R. Lampe for all purposes.  It will be managed on the direct calendar program in Bakersfield Department 11 until its conclusion. Peremptory challenges, if any, must be made within the times set out in CCP §170.6.  Please include the initials **DRL** after the case number on all future pleadings filed in this case.

**TO PLAINTIFF AND PLAINTIFF'S COUNSEL:**
You are ordered to appear on **January 21, 2021** in **Bakersfield Department 11** at **8:30 AM** in the above entitled court to give any legal reason why sanctions shall not be imposed for failure to serve the complaint on all named defendants and file proof(s) of service with the court within sixty (60) days after the filing of the complaint pursuant to California Rules of Court, Rule 3.110.  All appearances are mandatory, unless the court receives the required proof(s) of service five (5) court days prior to the hearing date, and then no appearance is necessary.

**TO EACH PARTY AND THEIR RESPECTIVE ATTORNEY(S) OF RECORD:**
This case is set for Case Management Conference, by the Honorable David R. Lampe on **April 06, 2021** at **8:30AM** in **Bakersfield Department 11** of the above entitled court.  Case management statements are to be filed at least fifteen (15) days prior to the conference in accordance with California Rules of Court, Rules 3.720 – 3.730.  All parties shall comply with California Rules of Court, Rules 3.720 – 3.730.

**NOTICE TO PLAINTIFF'S COUNSEL**

**IMPORTANT:  You are required to serve this Notice of Assignment and Notice of Order to Show Cause Date and Notice of Case Management Conference Date with the Summons, Complaint [Local Rule 3.7(a)], Alternative Dispute Resolution (ADR) Information Packet, and ADR Stipulation and Order Form  ( California Rules of Court, Rule 3.221).**

**NOTICE TO CROSS COMPLAINANT'S COUNSEL**

**IMPORTANT:  If you are bringing a cross complaint against new parties, you are, likewise, required to serve this Notice of Assignment pursuant to California Rules of Court, Rule 3.110 and Notice of Order to Show Cause date and Notice of Case Management Conference date on the new cross defendants.**

Date:  October 08, 2020

**TAMARAH HARBER-PICKENS**
CLERK OF THE SUPERIOR COURT

By:    *Sophia Munoz Alvarez*
Sophia Munoz Alvarez, Deputy Clerk

CHAVEZ VS BELLEVUE UNIVERSITY, A NEBRASKA CORPORATION
BCV-20-102345

The Clerk of the Superior Court's office has received a civil complaint from you for filing.  Pursuant to the Trial Court Delay Reduction Act, your case has been assigned to the Honorable David R. Lampe as monitoring judge.

Judge David R. Lampe has instituted a direct calendaring system for all cases assigned to him/her as the monitoring judge.

All law and motion, case management and trial setting conferences, ex parte matters and trials will be scheduled before him/her in Bakersfield Department 11. This will involve all cases in which the clerk has assigned the initials DRL to the complaint at the time of filing.  Counsel is expected to make the initials of the monitoring judge a part of the case number on all pleadings and papers.

Law & Motion and Ex-Parte hearing dates must be pre-cleared by contacting the Direct Calendaring Clerk at  661-868-5303.   Tentative rulings can be located by visiting "http://www.kern.courts.ca.gov/", after 4:00 pm.  Click on the Non-Criminal Case Information link to enter the case number.  Please note, not all departments provide tentative rulings.

At the time of filing the complaint, plaintiff's counsel will be given a Notice of Case Management Conference which sets a conference approximately one hundred eighty (180) days after filing of the complaint.  This notice must be served with the summons and complaint on all defendants. Defendants must serve the notice on all cross-defendants named.  The notice must also be served on interveners and lien claimants.

Telephonic appearances for case management conferences and law and motion hearings are available through Court Call. The toll free telephone number for Court Call is (888) 88-COURT.  Proper procedures must be complied with under California Rules of Court, Rule 3.670.  Arrangements to make appearances through Court Call must be made at least five (5) court days prior to the hearing date.

Another judge will hear settlement conferences in cases assigned to Judge David R. Lampe.  However, those cases that do not settle will be set for trial before him/her.

CHAVEZ VS BELLEVUE UNIVERSITY, A NEBRASKA CORPORATION
BCV-20-102345

### SUPERIOR COURT OF CALIFORNIA
### COUNTY OF KERN
### SPECIAL RULES RELATING TO CASE MANAGEMENT CONFERENCES

At least fifteen (15) days prior to the case management conference, each party shall prepare, file and serve on each other party a case management conference statement providing the Court with the following information:

1.  The "at-issue" status of the case including any new parties that may be contemplated;
2.  A brief statement of the type of case and the general facts or contentions;
3.  A description of the discovery done to date and that contemplated to be done;
4.  Estimated time for trial and whether a jury is demanded;
5.  Whether or not the case is entitled to priority in trial setting and if so, the legal authority thereof;
6.  An evaluation of the case for alternative dispute resolution, including arbitration (judicial or binding), mediation or private judge handling;
7.  If a person injury action, a description of the injuries sustained by each plaintiff and the elements of claimed damage;
8.  A statement of any settlement negotiations undertaken thus far;
9.  The name of the attorney primary responsible for the case on behalf of the party filing the statement.

More than one party may join in the filing of a single statement.

The case management conference shall be attended by the attorney primarily responsible for the case on behalf of each party or a member of his or her firm or counsel formally associated in the case.  The attorney attending shall be thoroughly familiar with the case, and be able to engage in meaningful discussions with court and counsel, and to enter into agreements on behalf of his or her client on the following subjects:

1.  The "at-issue" status of the case including the dismissal of the unnamed doe defendants or cross-defendants by agreement of all parties;
2.  Discovery conducted and remaining to be done;
3.  Amenability of the case to alternative dispute resolution including, but no limited to, arbitration (judicial or binding), mediation, and private judge handling.
4.  Delineation of issues including stipulation of facts not in substantial controversy;
5.  Settlement prospects;
6.  Setting the matter for trial, pre-trial conferences, settlement conference or further case management conference;
7.  Any other matters relevant to the processing of the case to a final resolution.

Any violation of these rules shall result in the imposition of substantial sanctions which may include monetary, issue, termination, or other appropriate sanctions.

CHAVEZ VS BELLEVUE UNIVERSITY, A NEBRASKA CORPORATION
BCV-20-102345

**CERTIFICATE OF POSTING**

The undersigned, of said Kern County, certify:  That I am a Deputy Clerk of the Superior Court of the State of California, in and for the County of Kern, that I am a citizen of the United States, over 18 years of age, I reside in or am employed in the County of Kern, and not a party to the within action, that I served the ***Notice of Assignment/Notice of Order to Show Cause Re CRC 3.110/Notice of Case Management Conference*** attached hereto on all interested parties and any respective counsel of record in the within action by posting true copies thereof,  to the Superior Court of California, County of Kern, Non-Criminal Case Information Portal (https://odyprodportal.kern.courts.ca.gov/portalprod).

Date of Posting:           October 08, 2020

Place of Posting:          Bakersfield, CA

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

                                                    **TAMARAH HARBER-PICKENS**
                                                    CLERK OF THE SUPERIOR COURT

Date:  October 08, 2020

                              By:        *Sophia Munoz Alvarez*
                                          Sophia Munoz Alvarez, Deputy Clerk

Certificate of Posting - Notice of Assignment/Notice of Order to Show Cause Re CRC 3.110/Notice of Case Management Conference

Page **4** of **4**

Exhibit D, page 36

EXHIBIT E

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Frank E. Marchetti  SBN: 203185<br>Marchetti Law<br>3600 Wilshire Blvd Suite 2036   Los Angeles, CA 90010<br><br>TELEPHONE NO.: (626) 676-6377 | FAX NO. | E-MAIL ADDRESS *(Optional):* frank@marchettilaw.com<br>ATTORNEY FOR *(Name):* Plaintiff: | **ELECTRONICALLY FILED**<br>**10/21/2020 8:00 AM**<br>**Kern County Superior Court**<br>**By Erika Delgado, Deputy** |

**Kern Court**

STREET ADDRESS: 1415 Truxtun Ave

MAILING ADDRESS:

CITY AND ZIP CODE: Bakersfield, CA 93301

BRANCH NAME:

| PLAINTIFF: Veronica Chavez | CASE NUMBER: |
|---|---|
| DEFENDANT: Bellevue University; Et Al | BCV-20-102345 |

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.: |
|---|---|

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. ☑ Summons
   b. ☑ Complaint
   c. ☐ Alternative Dispute Resolution (ADR) package
   d. ☑ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ Cross-complaint
   f. ☑ other *(specify documents):* **Notice of Case Management Conference; Notice of Order to Show Cause; Notice of Assignment to Judge for All Purposes**
3. a. Party served *(specify name of party as shown on documents served):*
   **Bellevue University, a Nebraska corporation**

   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
   **Phillip Morado  - Authorized Agent**

4. Address where the party was served:   **Cogency Global Inc. (Authorized Agent)**
   **1325 J Street Suite 1550**
   Sacramento, CA 95814

5. I served the party *(check proper box)*
   a. ☑ **by personal service.**  I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* **10/19/2020**   (2) at *(time):* **1:19 PM**

   b. ☐ **by substituted service.**  On *(date):* at  *(time):* I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3b):*

   (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served.  I informed him of her of the general nature of the papers.

   (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party.  I informed him or her of the general nature of the papers.

   (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box.  I informed him or her of the general nature of the papers.

   (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., §415.20). I mailed the documents on *(date):* from *(city):*   **or** ☐ a declaration of mailing is attached.

   (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

**PROOF OF SERVICE OF SUMMONS**

Code of Civil Procedure, § 417.10
**POS010-1/625898**

Exhibit E, page 37

RESPONDENT:  Bellevue University; Et Al

c. ☐ **by mail and acknowledgment of receipt of service.**  I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

(1) on *(date):*                                    (2) from  *(city):*

(3) ☐ with two copies of the  *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.) (Code Civ. Proc., § 415.30.)

(4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** *(specify means of service and authorizing code section):*

☐  Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

a. ☐ as an individual defendant.
b. ☐ as the person sued under the fictitious name of  *(specify):*
c. ☐ as occupant.
d. ☑ On behalf of  *(specify):*  **Bellevue University, a Nebraska corporation**
  under the following Code of Civil Procedure section:

☑ 416.10 (corporation)                    ☐ 415.95 (business organization, form unknown)
☐ 416.20 (defunct corporation)             ☐ 416.60 (minor)
☐ 416.30 (joint stock company/association)  ☐ 416.70 (ward or conservatee)
☐ 416.40 (association or partnership)       ☐ 416.90 (authorized person)
☐ 416.50 (public entity)                   ☐ 415.46 (occupant)
                                           ☐ other:

7. **Person who served papers**
  a. Name:  **Katrina Williams - By the Book Attorney Service**
  b. Address:  **3637 Glendon Ave. Suite 203  Los Angeles, CA 90034**
  c. Telephone number:  **(818) 445-7448**
  d. **The fee** for service was: **$ 100.00**
  e. I am:

  (1) ☐ not a registered California process server.
  (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
  (3) ☑ registered California process server:
    (i) ☐ owner      ☐ employee      ☑ independent contractor.
    (ii) Registration No.: **2015-10**
    (iii) County:  **Sacramento**

8. ☑ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

  or

9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: **10/20/2020**

**By the Book Attorney Service**
**3637 Glendon Ave. Suite 203**
**Los Angeles, CA 90034**
**(818) 445-7448**

_____
**Katrina Williams**
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

▶   *Katrina Williams*

EXHIBIT F

YOUNG & ZINN LLP
PUNEET K. SANDHU (State Bar No. 254726)
psandhu@yzllp.com
LESTER F. APONTE (State Bar No. 143692)
laponte@yzllp.com
1150 South Olive Street, Suite 1800
Los Angeles, California 90015
Telephone:   (213) 362-1860
Facsimile:    (213) 362-1861

Attorneys for Defendant
BELLEVUE UNIVERSITY

**ELECTRONICALLY FILED**
**11/16/2020 3:40 PM**
**Kern County Superior Court**
**By Vanesa Jackson, Deputy**

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF KERN

| | |
|---|---|
| VERONICA CHAVEZ,<br><br>        Plaintiff,<br><br>    v.<br><br>BELLEVUE UNIVERSITY, a Nebraska corporation; and DOES 1 THROUGH 20, inclusive,<br><br>        Defendants. | Case No.  BCV-20-102345-DRL<br><br>Assigned for all purposed to:<br>The Honorable David R. Lampe, Dept. 11<br><br>**DEFENDANT BELLEVUE UNIVERSITY'S ANSWER TO PLAINTIFF VERONICA CHAVEZ'S COMPLAINT FOR DAMAGES**<br><br>Action filed:    October 7, 2020 |

YOUNG & ZINN LLP
1150 SOUTH OLIVE STREET, SUITE 1800
LOS ANGELES, CALIFORNIA 90015

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES

1   TO PLAINTIFF VERONICA CHAVEZ AND HER ATTORNEY OF RECORD

2   FRANK E. MARCHETTI AND MARCHETTI LAW:

3       Defendant Bellevue University ("Defendant") hereby answers Plaintiff Veronica Chavez's

4   ("Plaintiff") unverified Complaint (the "Complaint"), as follows:

5       1.      Pursuant to Section 431.30(d) of the California Code of Civil Procedure, Defendant

6   denies, generally and specifically, each and every allegation in the Complaint.

7       2.      Defendant further denies, generally and specifically, that Plaintiff is entitled to the

8   relief requested, or that Plaintiff has been or will be damaged in any amount, or at all, by reason of

9   any act or omission on the part of Defendant, or any of its present or former agents,

10  representatives, subsidiaries, and/or employees.

11

12      Defendant also pleads the following separate and affirmative defenses to the Complaint:

### FIRST SEPARATE AND AFFIRMATIVE DEFENSE

14      1.      The Complaint, and each cause of action set forth therein, fails to state facts

15  sufficient to constitute a legally cognizable cause of action against Defendant.

### SECOND SEPARATE AND AFFIRMATIVE DEFENSE

17      2.      The Complaint, and each cause of action set forth therein, is barred by the

18   applicable statutes of limitations including, but not limited to, California Government Code

19   sections 12960(d) (amended 2020), 12960(e), and 12965(b), and California Civil Procedure Code

20   section 338.

### THIRD SEPARATE AND AFFIRMATIVE DEFENSE

22      3.      Plaintiff's first and third causes of action are barred, in whole or in part, to the

23  extent that Plaintiff failed to exhaust her administrative remedies, the allegations in the Complaint

24  fall outside the scope of any administrative charges Plaintiff filed, and/or Plaintiff otherwise failed

25  to comply with the statutory prerequisites to the bringing of this action pursuant to the Fair

26  Employment and Housing Act ("FEHA"), California Government Code section 12900, *et seq.*

27

28

YOUNG & ZINN LLP
1150 SOUTH OLIVE STREET, SUITE 1800
LOS ANGELES, CALIFORNIA 90015

**YOUNG & ZINN LLP**
1150 SOUTH OLIVE STREET, SUITE 1800
LOS ANGELES, CALIFORNIA 90015

## FOURTH SEPARATE AND AFFIRMATIVE DEFENSE

4.       Plaintiff's first and third causes of action are barred to the extent that the allegations or claims in the Complaint are not substantially identical to claims included in the administrative complaint(s) Plaintiff allegedly filed with the DFEH.

## FIFTH SEPARATE AND AFFIRMATIVE DEFENSE

5.       Plaintiff has waived any right to pursue the claims in the Complaint, and each cause of action set forth therein, by reason of her own actions and course of conduct.

## SIXTH SEPARATE AND AFFIRMATIVE DEFENSE

6.       Plaintiff is estopped from pursuing the claims in the Complaint, and each cause of action set forth therein, by reason of her own actions and course of conduct.

## SEVENTH SEPARATE AND AFFIRMATIVE DEFENSE

7.       The Complaint, and each cause of action set forth therein, is barred, in whole or in part, by the doctrine of unclean hands.

## EIGHTH SEPARATE AND AFFIRMATIVE DEFENSE

8.       The Complaint, and each cause of action set forth therein, is barred by the doctrine of laches.

## NINTH SEPARATE AND AFFIRMATIVE DEFENSE

9.       The Complaint, and each cause of action set forth therein, is barred because Defendant had good faith, non-discriminatory, non-pretextual reasons for all actions taken with respect to Plaintiff.

## TENTH SEPARATE AND AFFIRMATIVE DEFENSE

10.      Defendant did not commit the acts or omissions as alleged in the Complaint on the basis of Plaintiff's disability or any other protected basis, but assuming, *arguendo*, it did, such acts or omissions would have been taken in any event because all decisions made by Defendant with respect to Plaintiff were based on good cause, constituting legitimate, business-related reasons that were not arbitrary, capricious, unlawful, pretextual, or related to Plaintiff's alleged protected status(es).

**YOUNG & ZINN LLP**
1150 SOUTH OLIVE STREET, SUITE 1800
LOS ANGELES, CALIFORNIA 90015

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## ELEVENTH SEPARATE AND AFFIRMATIVE DEFENSE

11.     The Complaint, and each cause of action therein, is barred, in whole or in part, by the after-acquired evidence doctrine.

## TWELTH SEPARATE AND AFFIRMATIVE DEFENSE

12.     The Complaint, and each cause of action relating to Plaintiff's alleged disability therein, is barred because even with reasonable accommodations, Plaintiff was unable to perform essential job duties without endangering her health or safety and/or the health or safety of others.

## THIRTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

13.     The Complaint, and each purported cause of action relating to Plaintiff's alleged disability therein, is barred to the extent that accommodation of Plaintiff's alleged disability would have imposed an undue hardship on the operation of Defendant's business.

## FOURTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

14.     Plaintiff has failed to mitigate her damages, if in fact any damages have been or will be sustained, and any recovery by Plaintiff must be diminished or barred by reason thereof.

## FIFTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

15.     Defendant alleges that, without conceding that there are any wages and/or monies due, there exists a good faith dispute regarding the payment of wages and/or monies. Therefore, penalties are not warranted.

## SIXTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

16.     Plaintiff's claims for additional compensation of any type fail as Plaintiff was not entitled to payment of overtime premiums to the extent she was  exempt from overtime requirements pursuant to, but not limited to, the California Labor Code, the provisions of the California Industrial Commission Wages Orders, and any and all of California's overtime laws.

## SEVENTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

17.     Plaintiff's fourth through seventh causes of action are barred, in whole or in part, on the grounds that Plaintiff is not entitled to general or other penalties under the California Labor Code, including but not limited to, waiting time penalties under California Labor Code section 203.

4

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES

**YOUNG & ZINN LLP**
1150 SOUTH OLIVE STREET, SUITE 1800
LOS ANGELES, CALIFORNIA 90015

## EIGHTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

18.     Defendant alleges that it compensated Plaintiff pursuant to a good faith belief and with reasonable grounds to believe its actions did not violate the California Labor Code or an Order of the Industrial Welfare Commission and, to the extent Plaintiff is entitled to additional compensation, Defendant has not willfully or intentionally failed to pay any such additional compensation the meaning and scope of California Labor Code section 203.

## NINETEENTH SEPARATE AND AFFIRMATIVE DEFENSE

19.     Plaintiff's sixth cause of action is barred because even assuming, *arguendo*, that Plaintiff was not provided with compliant wage statements, Defendant's alleged failure to comply with California Labor Code section 226(a) was not a "knowing and intentional failure" under California Labor Code section 226(e).

## TWENTIETH SEPARATE AND AFFIRMATIVE DEFENSE

20.     Any and all claims by Plaintiff based in whole or in part upon any alleged physical or emotional injury or distress are barred to the extent that Plaintiff's sole and exclusive remedy, if any, for such injuries (except those resulting from illegal discrimination, of which there was none) is governed by the California Workers' Compensation Act and before the Workers' Compensation Appeals Board. California Labor Code §§ 3600 *et seq.*

## TWENTY-FIRST SEPARATE AND AFFIRMATIVE DEFENSE

21.     Plaintiff is barred from, and has waived, any recovery for any alleged physical or emotional injury or distress (except injury resulting from illegal discrimination, of which there was none), to the extent that she has failed to pursue and exhaust her remedies, if any, under the California Workers' Compensation Act. California Labor Code §§ 3600 *et seq.*

## TWENTY-SECOND SEPARATE AND AFFIRMATIVE DEFENSE

22.     Plaintiff is not entitled to recover punitive or exemplary damages herein, and any allegations with respect thereto should be stricken, because Plaintiff has failed to plead facts sufficient to support allegations of malice, oppression or fraud.  California Civil Code § 3294(a).

YOUNG & ZINN LLP
1150 SOUTH OLIVE STREET, SUITE 1800
LOS ANGELES, CALIFORNIA 90015

### TWENTY-THIRD SEPARATE AND AFFIRMATIVE DEFENSE

23.    Defendant is not liable for punitive or exemplary damages herein because no officer, director or managing agent of Defendant:  (a) committed, authorized or ratified any alleged oppressive, willful, fraudulent, or malicious acts; (b) had any advance knowledge of the unfitness of any employee who allegedly committed any such acts; or (c) employed any employee who allegedly committed such acts with a conscious disregard for the rights or safety of others. California Civil Code § 3294(b).

### TWENTY-FOURTH SEPARATE AND AFFIRMATIVE DEFENSE

24.    Defendant is not liable for punitive or exemplary damages herein because any award of punitive or exemplary damages under California law in general, and/or any such award under California law as applied to the facts in this case, would violate Defendant's constitutional rights under provisions of the United States and California Constitutions.

### ADDITIONAL DEFENSES

Defendant presently has insufficient knowledge or information upon which it can form a belief as to whether it may have additional, as yet unknown and unstated, affirmative defenses. Defendant thus reserves the right to amend its answer to assert such additional affirmative defenses in the event that discovery indicates that additional affirmative defenses are appropriate.

WHEREFORE, Defendant prays for judgment as follows:

1.    That judgment be entered in favor of Defendant and against Plaintiff;

2.    That Plaintiff's Complaint be dismissed in its entirety with prejudice and that Plaintiff take nothing by her Complaint;

3.    That Defendant be awarded its reasonable attorneys' fees and costs of suit herein; and

/ /

/ /

/ /

/ /

1   4.  For such other and further relief as the Court may deem just and proper.

2

3 DATED: November 16, 2020   YOUNG & ZINN LLP

4          By: /s/ Lester F. Aponte

5            LESTER F. APONTE

6            Attorneys for Defendant
             BELLEVUE UNIVERSITY

YOUNG & ZINN LLP
1150 SOUTH OLIVE STREET, SUITE 1800
LOS ANGELES, CALIFORNIA 90015

## PROOF OF SERVICE

STATE OF CALIFORNIA          )
                             ) **ss**
COUNTY OF LOS ANGELES        )

     I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 1150 S. Olive Street, Suite 1800, Los Angeles, California 90015.

     On November 16, 2020, I caused to be served the foregoing documents described as **DEFENDANT BELLEVUE UNIVERSITY'S ANSWER TO PLAINTIFF VERONICA CHAVEZ'S COMPLAINT FOR DAMAGES** on the interested parties in this action by sending a true copy thereof to:

| | |
|---|---|
| Frank E. Marchetti, Esq.<br>MARCHETTI LAW<br>3731 Wilshire Blvd.<br>Suite 635<br>Los Angeles, CA 90010<br>Tel.: (626) 676-6377<br>Fax: (626) 628-3208<br>Email: frank@marchettilaw.com | Representing Plaintiff<br>VERONICA CHAVEZ |

     **BY U.S. MAIL** as follows:  I am "readily familiar" with Young & Zinn LLP's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business.  I am aware that on motion of party served, service shall be presumed invalid if postal cancellation date or postage meter is more than one (1) day after date of deposit for mailing in affidavit.

     **BY ELECTRONIC SERVICE:**  I caused such documents to be transmitted to the electronic mail addressee and the transmission was reported as complete and without error.

     I declare under penalty of perjury under the laws of the state of California that the above is true and correct.

     Executed on November 16, 2020, at Los Angeles, California.

_____
Patty Flores

YOUNG & ZINN LLP
1150 SOUTH OLIVE STREET, SUITE 1800
LOS ANGELES, CALIFORNIA 90015

EXHIBIT G

YOUNG & ZINN LLP
PUNEET K. SANDHU (State Bar No. 254726)
psandhu@yzllp.com
LESTER F. APONTE (State Bar No. 143692)
laponte@yzllp.com
1150 South Olive Street, Suite 1800
Los Angeles, California 90015
Telephone:   (213) 362-1860
Facsimile:    (213) 362-1861

Attorneys for Defendant
BELLEVUE UNIVERSITY

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF KERN

| | |
|---|---|
| VERONICA CHAVEZ,<br><br>                    Plaintiff,<br><br>          v.<br><br>BELLEVUE UNIVERSITY, a Nebraska corporation; and DOES 1 THROUGH 20, inclusive,<br><br>                    Defendants. | Case No.  BCV-20-102345-DRL<br><br>Assigned for all purposed to:<br>The Honorable David R. Lampe, Dept. 11<br><br>**NOTICE TO SUPERIOR COURT AND TO ADVERSE PARTY OF REMOVAL OF ACTION TO FEDERAL COURT**<br><br><br>Action filed:    October 7, 2020 |

1    **TO PLAINTIFF VERONICA CHAVEZ AND HER ATTORNEY OF RECORD**

2    **FRANK E. MARCHETTI AND MARCHETTI LAW:**

3        **PLEASE TAKE NOTICE** that on November 18, 2020, Defendant Bellevue University

4    filed in the United States District Court for the Central District of California its Notice of Removal

5    of Action Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 (Diversity Jurisdiction) (the "Notice of

6    Removal").  A copy of the Notice of Removal is attached to this Notice as Exhibit 1.

7        **PLEASE TAKE FURTHER NOTICE** that, pursuant to 28 U.S.C. § 1446, the filing of

8    said Notice of Removal in the United States District Court, together with the filing of this Notice

9    to Superior Court and Adverse Party, effects the removal of this action, and that this Court should

10   "proceed no further unless and until the case has been remanded."  28 U.S.C § 1446(d).

11

12   DATED:  November 18, 2020          YOUNG & ZINN LLP

13

14                                    By:  /s/ Lester F. Aponte
                                           _____
15                                         LESTER F. APONTE
                                           Attorneys for Defendant
16                                         BELLEVUE UNIVERSITY

17

18

19

20

21

22

23

24

25

26

27

28

**YOUNG & ZINN LLP**
1150 SOUTH OLIVE STREET, SUITE 1800
LOS ANGELES, CALIFORNIA 90015

## PROOF OF SERVICE

**STATE OF CALIFORNIA**            )
                                   )  **ss**
**COUNTY OF LOS ANGELES**          )

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My electronic mail address is: pflores@yzllp.com.  My business address is 1150 S. Olive Street, Suite 1800, Los Angeles, California 90015.

On November 18, 2020, I caused to be served the foregoing documents described as an electronic version of **NOTICE TO SUPERIOR COURT AND TO ADVERSE PARTY OF REMOVAL OF ACTION TO FEDERAL COURT** on the interested parties in this action by sending a true copy thereof to:

| | |
|---|---|
| Frank E. Marchetti, Esq.<br>MARCHETTI LAW<br>3731 Wilshire Blvd.<br>Suite 635<br>Los Angeles, CA 90010<br>Tel.: (626) 676-6377<br>Fax: (626) 628-3208<br>Email: frank@marchettilaw.com | Representing Plaintiff<br>VERONICA CHAVEZ |

**BY U.S. MAIL** as follows:  I am "readily familiar" with Young & Zinn LLP's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business.  I am aware that on motion of party served, service shall be presumed invalid if postal cancellation date or postage meter is more than one (1) day after date of deposit for mailing in affidavit.

**BY ELECTRONIC SERVICE:**  I caused such documents to be transmitted to the electronic mail addressee and the transmission was reported as complete and without error.

I declare under penalty of perjury under the laws of the state of California that the above is true and correct.

Executed on November 18, 2020, at Los Angeles, California.

Patty Flores

YOUNG & ZINN LLP<br>1150 SOUTH OLIVE STREET, SUITE 1800<br>LOS ANGELES, CALIFORNIA 90015

## DECLARATION OF KENNETH BIRDSONG

I, Kenneth Birdsong, declare and state:

1.     I am employed by defendant Bellevue University (the "University") as Director of Financial Reporting and Analysis. I have personal knowledge of the facts set forth in this Declaration, and if called to testify under oath, could and would testify competently thereto.

2.     I have been employed by the University since November 2007. As Director of Financial Reporting and Analysis, my duties include managing certain finance and administrative operations of Bellevue University. The University is a private, non-profit university serving over 11,000 students annually at our main campus in Bellevue, Nebraska. The University is incorporated in the state of Nebraska.

3.     The University's business activities are directed, controlled and coordinated from its executives offices located on campus at 1000 Galvin Road South Bellevue, NE 68005. A true and correct copy of the current Statement of Information on file with the California Secretary of State, dated April 23, 2020, is attached as Exhibit H.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 18th day of November, 2020 at Bellevue, Nebraska.

_____
KENNETH BIRDSONG

50

EXHIBIT H



**California Secretary of State**
Electronic Filing

# Corporation - Statement of Information

| | |
|---|---|
| Entity Name: | BELLEVUE UNIVERSITY |

| | |
|---|---|
| Entity (File) Number: | C3291733 |
| File Date: | 04/23/2020 |
| Entity Type: | Corporation |
| Jurisdiction: | NEBRASKA |
| Document ID: | GF06813 |

**Detailed Filing Information**

1. Entity Name:

   BELLEVUE UNIVERSITY

2. Business Addresses:

   a. Street Address of Principal
      Office in California:

   b. Mailing Address:

      1000 Galvin Road South
      Bellevue, Nebraska 68005
      United States of America

   c. Street Address of Principal
      Executive Office:

      1000 Galvin Road South
      Bellevue, Nebraska 68005
      United States of America

3. Officers:

   a. Chief Executive Officer:

      Mary  Hawkins
      1000 Galvin Road South
      Bellevue, Nebraska 68005
      United States of America

   b. Secretary:

      Betsy  Murphy
      1000 Galvin Road South
      Bellevue, Nebraska 68005
      United States of America

Document ID: GF06813

# California Secretary of State
Electronic Filing

Officers (cont'd):

    c.   Chief Financial Officer:          Matthew  Davis

                                                    1000 Galvin Road South

                                                    Bellevue, Nebraska 68005

                                                    United States of America

4.   Director:                                    Not Applicable

        Number of Vacancies on the Board of Directors:      Not Applicable

5.   Agent for Service of Process:      COGENCY GLOBAL INC. (C2003899)

6.   Type of Business:      Not for profit University

By signing this document, I certify that the information is true and correct and that I am authorized by California law to sign.

Electronic Signature:     Matthew Davis

*Use bizfile.sos.ca.gov for online filings, searches, business records, and resources.*

Document ID: GF06813

## DECLARATION OF DIANE ARTHUR

I, Diane Arthur, declare and state:

1.    I am employed by defendant Bellevue University (the "University") as a Benefits Specialist.  I make this declaration based on my own personal knowledge and my review of personnel and payroll records maintained by the University in the regular course of business.  If called to testify under oath, I could and would testify competently to the facts set forth herein.

2.    I have been employed by the University as a Benefits Specialist since November 2018. The University's Human Resources department has custody of the personnel records of its employees that the University keeps in the ordinary course of business.  It is the University's custom and practice to maintain personnel records including, among other things, payroll and benefits information, for its employees. I have access to these records and regularly review them in the course of my duties.

3.    I reviewed personnel records for Plaintiff Veronica Chavez.  Ms. Chavez was employed by the University as a Relationship Manager from October 2, 2016 until July 23, 2019. Prior to the termination of her employment, she was compensated $44,142.12 annually.

4.    In addition, Ms. Chavez received benefits, including medical, dental, vision, basic life insurance, and long-term disability, valued in 2019 at a total of $474.39 per month (including the monthly cost of those benefits to the University and to Ms. Chavez and taking into account the applicable wellness discount available to Ms. Chavez).  A copy of her Benefits Statement is attached as Exhibit I.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 17th day of November, 2020 at Bellevue, Nebraska.

_Diane Arthur_
DIANE ARTHUR

53
DECLARATION OF DIANE ARTHUR

EXHIBIT I

# Benefits Statement for Veronica Chavez

## Benefits as of   07/01/2019

| PLAN | EFFECTIVE DATE | COVERAGE LEVELS | EMPLOYEE COST | EMPLOYER COST |
|---|---|---|---|---|
| **Medical** | | | | |
| **Traditional PPO, Standard Premium** Aetna, Inc. | 01/01/2018 | Employee | $203.44 Per Month | $356.92 Per Month |
| **Dental** | | | | |
| **Dental - Guardian, Enrolled** Guardian Life Ins Co Of America | 11/01/2016 | Employee | $5.41 Per Month | $30.65 Per Month |
| **Vision** | | | | |
| **Vision - Eyemed, Enrolled** EyeMed | 11/01/2016 | Employee | $8.11 Per Month | $0.00 Per Month |
| **Flex: Dependent Care** | | | | |
| **2019 Dep. FSA, Enrolled** TASC | 01/01/2019 | $2,000.00 Per Year | $2,000.00 Per Year | $0.00 |
| **LTD** | | | | |
| **LTD - Mutual, LTD Enrolled** Mutual Of Omaha | 10/02/2016 | 66.67% of earnings up to $5,000.00 per month | $0.00 Per Month | $7.36 Per Month |
| **Life** | | | | |
| **Employer Paid Basic Life AD&D - Mutual, Enrolled** Mutual Of Omaha | 10/02/2016 | $50,000.00 | $0.00 Per Month | $5.50 Per Month |

Exhibit I, page 54

| **2019 Medical Wellness, Green** | 01/01/2019 | Employee | -$143.00 Per Month | $143.00 Per Month |
| Aetna, Inc. | | | | |

Signature: _____ Date: _____

**This benefit statement confirms your recent benefit enrollment elections. Please keep a copy of this statement for your records and use it to verify entries on your pay statement.**